08CV5558
Case: 1:08-cv-05558 Document #: 1-2 Filed: 09/29/08 Page 1 of 52 PageID #:4
06/06/2007 12:25 131282f 1 ZAGOTTA LAW JUDGE GOTTSCHALL PAGE 02/17

MAGISTRATE JUDGE MASON

EDA

Attorney No. 43355

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION



| | |
|---|---|
| DARNELL KEEL and<br>MERRITT GENTRY | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. |
| | ) |
| CITY OF HARVEY, | ) Jury Demand |
| ERIC KELLOGG, individually | ) |
| and as Mayor of the City of Harvey | ) |
| SANDRA ALVARADO, individually | ) |
| and as the Public Relations Director for the | ) |
| City of Harvey, ANDREW JOSHUA, | ) |
| individually and as Chief of Police | ) |
| for the City of Harvey, | ) |
| DENARD EAVES, individually and as | ) |
| Deputy Chief of Police for the City of | ) |
| Harvey, and STEVEN PORTER, | ) |
| Individually and as Commander in the | ) |
| Internal Affairs Division for the City of | ) |
| Harvey | ) |
| | ) |
| Defendants. | ) |

## VERIFIED COMPLAINT AT LAW

NOW COME the Plaintiffs, DARNELL KEEL ("Keel") and MERRITT GENTRY ("Gentry") individually, by and through their undersigned counsel, and for their Complaint against the Defendants, CITY OF HARVEY ("Harvey"), ERIC KELLOGG ("Mayor Kellog"), SANDRA ALVARADO ("Alvarado"), ANDREW JOSHUA ("Joshua"), DENARD EAVES ("Eaves"), and STEVEN PORTER ("Porter"), both collectively ("Defendants") and as agents of the City of Harvey, state as follows:

### Nature of the Case

1. Plaintiffs bring this action against the Defendants individually, as agents of Harvey, and collectively as Co-Conspirators for damages resulting from:

    (a) violations of the Plaintiffs' Due Process Rights in accordance with 65 ILCS 5/10-1-18; and

(b) violations of S.H.A. 740 ILCS 145/1 et seq., for defamatory per se statements imputing: the commission of a criminal offense; inability to perform or want of integrity in discharge of duties of office or employment; and words that prejudice a party, or impute lack of ability, in his or her trade, profession or business.

## Parties, Jurisdiction, and Venue

1. At all times relevant to the allegations set forth herein, Plaintiff Keel is a Commander for the City of Harvey Police Department, and resides in Matteson, Illinois in Cook County.

2. At all times relevant to the allegations set forth herein, Plaintiff Gentry is a Commander for the City of Harvey Police Department, and resides in Calumet City, Illinois in Cook County.

4. At all times relevant to the allegations set forth herein, The City of Harvey is a city which lies approximately 20 miles south of the City of Chicago in the Cook County with a population of approximately 30,000.

5. At all times relevant to the allegations set forth herein, Defendant Eric Kellogg is the Mayor of the City of Harvey, upon information and belief, Kellogg resides in Cook County.

6. At all times relevant to the allegations set forth herein, Defendant Sandra Alvarado is the Public Relations Director for the City of Harvey. Upon information and belief Alvarado resides in Cook County.

7. At all times relevant to the allegations set forth herein, Andrew Joshua is the Chief of Police for the City of Harvey. Upon information and belief Joshua resides Cook County.

8. At all times relevant to the allegations set forth herein, Denard Eaves is the Deputy Chief of Police for the City of Harvey. Upon information and belief Eaves resides in Cook County.

9. At all times relevant to the allegations set forth herein, Steven Porter is a Commander in the Internal Affairs division of the Harvey Police Department. Upon information and belief Porter resides in Cook County.

10. Jurisdiction and Venue over Plaintiffs' claims are proper as all parties are domiciled and reside in Cook County and all or substantially all of the acts related to the allegations stated herein occurred in Cook County.

## Background Allegations

11. In or around April of 2003 Keel and Gentry were hired by committee as commanders for the City of Harvey Police Department.

12. In April of 2006 Gentry was told by Mayor Kellogg and Deputy Chief Eaves that he was being put on administrative leave.

13. When Gentry asked why he was being placed on administrative leave, he was not given a reason.

14. It is now April of 2007, one year later, and Gentry still has not been given a reason as to why he was put on leave.

15. Between April 2006 and April 2007, Gentry has been receiving pay from the City of Harvey.

16. During his administrative leave, Gentry was not given the opportunity to sit for the Sergeant's Exam although another officer on leave was given that opportunity.

## COUNT I – VIOLATION OF PLAINTIFF GENTRY'S DUE PROCESS RIGHTS UNDER 65 ILCS 5/10-1-18 AGAINST THE CITY OF HARVEY

17. Plaintiffs incorporate and reallege allegations 1- 16.

18. In or around April of 2003 Gentry was hired as a commander for the City of Harvey Police Department by committee, making him a civil service officer and employee of the City of Harvey Police Department.

19. At all times relevant herein, the City of Harvey has a population of approximately 30,000.

20. In accordance with 65 ILCS 5/10-1-18, any civil service officer of a city with less than 500,000 people must be given notice in writing for any suspension or charge against them.

21. Prior to April 2006, Gentry was never notified that he was on probation of any kind.

22. In April of 2006 Gentry was told by Mayor Kellogg and Deputy Chief Eaves that he was being put on "administrative leave" with pay, indefinitely.

23. Mayor Kellogg and Eaves, acting under apparent authority for the City of Harvey forced Gentry into "administrative leave" but never provided an explanation in writing within five (5) days of suspending him as to the charges or reasons why he was given leave or his rights in relation to any impending investigation of him in accordance with 65 ILCS 5/10-1-18.

3

24. When Gentry asked why he was being placed on administrative leave, he was not given a reason.

25. Gentry asked several individuals including Mayor Kellogg, Eaves, Joshua, and Porter why he was being put on administrative leave, but nobody would give him an answer.

26. It is now April of 2007 and Gentry is still on "administrative leave" with pay and has not been given any answer as to why he is on leave.

27. Gentry was never advised in writing as to what specific improper or illegal act he was alleged to have committed to result in an administrative leave, nor was he given a writing which advised him that he was on leave for offending conduct that was prejudicial to city service.

28. He was never advised in writing to his rights to counsel in relation to the administrative leave or any investigation, hearings, or statements he may have made from the time of the leave to today.

29. From April 2006 to April 2007 the City of Harvey never proffered written charges to the Civil Service Commission of Harvey in relation to Gentry's "administrative leave."

30. From April 2006 to April 2007 Gentry was never summoned to any civil service commission in relation to his "grant of leave" or suspension.

31. From April 2006 to the present, Porter, serving as the Commander of Internal Affairs had a duty to protect the integrity of Harvey's Police Department procedure for suspending officers and assuring there is a proper investigation.

32. Porter never looked into the matter but instead ignored the situation.

33. Upon information and belief, from April 2006 to April 2007, Eaves was telling fellow officers that Gentry was, "going to jail," without ever notifying Gentry or the Civil Service Commission of the substance of such a statement.

34. Mayor Kellogg and Eaves acting under apparent authority for the City of Harvey granted themselves the virtual power to remove officers from the force, undermining the purpose of a civil service commission to the detriment of Gentry.

35. Upon information and belief, from April 2006 to April 2007 while Gentry was on administrative leave, Alvarado while acting under apparent authority as the Public Relations Director of Harvey on appointment by Mayor Kellogg, told the press and individuals in the community that Gentry was given administrative leave without pay pending an investigation.

36. Gentry was never notified in writing that he was a subject to an investigation of any kind in relation to him being "granted leave," nor was he ever given a chance to defend himself of the remarks made by Alvarado.

37. From April 2006 to April 2007, while under "administrative leave" the City of Harvey Police administered a Sergeant's Exam to which Gentry qualified to participate in for a promotion and increased pay and benefits.

38. The City of Harvey never allowed Gentry to take the exam nor did it provide him with a reason for the disallowance.

39. From April of 2003 to present, Gentry asked repeatedly why he was not included in the Harvey Police Department's pension plan. He was never given an answer.

40. As a civil service officer Gentry is part of a class of individuals who is required to be given the option to participate in his employer's pension plan but was not.

41. Due to the illegal suspension of Gentry by the City of Harvey, he was barred from taking the Sergeant's Exam, causing him to lose the opportunity of increased pay and increased benefits in an amount exceeding $50,000.

WHEREFORE, the Plaintiff Gentry pray this Honorable Court grant against the Defendant, the City of Harvey in an amount in excess of ONE HUNDRED THOUSAND AND 00/100 dollars plus costs and attorneys fees, and any other relief this Court deems appropriate and just under the circumstances.

## COUNT II – VIOLATION OF PLAINTIFF KEEL'S DUE PROCESS RIGHTS UNDER 65 ILCS 5/10-1-18 AGAINST THE CITY OF HARVEY

42. Plaintiffs incorporate and reallege allegations 1- 10.

43. In or around April of 2003 Keel was hired as a commander for the City of Harvey Police Department by committee, making him a civil service officer and employee of the City of Harvey Police Department.

44. At all times relevant herein, the City of Harvey has a population of approximately 30,000.

45. In accordance with 65 ILCS 5/10-1-18, any civil service officer of a city with less than 500,000 people must be given notice in writing for any suspension or charge against them.

46. Prior to September 2006, Gentry was never notified that he was on probation of any kind.

47. In September of 2006 Keel was told by Mayor Kellogg, Joshua, and Porter that he was being suspended with pay, indefinitely.

48. Mayor Kellogg, Joshua, and Porter, acting under apparent authority for the City of Harvey forced Keel into suspension but never provided an explanation in writing within five (5) days of suspending him as to the charges or reasons why he was given leave or his rights in relation to any impending investigation of him in accordance with 65 ILCS 5/10-1-18.

49. When Keel asked Mayor Kellogg and Joshua why he was being placed on administrative leave, he was not given a reason.

50. Keel asked several individuals including Mayor Kellogg, Joshua, and Porter why he was being suspended, but nobody would give him an answer.

51. It is now April of 2007 and Keel is still suspended with pay and has not been given any answer as to why he is on leave.

52. Keel was never advised in writing as to what specific improper or illegal act he was alleged to have committed to result in a suspension, nor was he given a writing which advised him that he was suspended for offending conduct that was prejudicial to city service.

53. Keel was never advised in writing to his rights to counsel in relation to the suspension or any investigation, hearings, or statements he may have made from the time of the suspension to today.

54. From September 2006 to April 2007 the City of Harvey never proffered written charges to the Civil Service Commission of Harvey in relation to Keel's suspension.

55. From September 2006 to April 2007 Keel was never summoned to any civil service commission in relation to his suspension.

56. From September 2006 to the present, Porter, serving as the Commander of Internal Affairs had a duty to protect the integrity of Harvey's Police Department procedure for suspending officers and assuring there is a proper investigation.

57. Porter never looked into the matter but instead ignored the situation.

58. Mayor Kellogg and Joshua acting under apparent authority for the City of Harvey granted themselves the virtual power to remove officers from the force, undermining the purpose of a civil service commission to the detriment of Keel.

59. Upon information and belief, from September 2006 to April 2007 while Keel was suspended, Alvarado while acting under apparent authority as the Public Relations Director of Harvey on appointment by Mayor Kellogg, told the press and individuals in the community that Keel was suspended pending an investigation.

60. Keel was never notified in writing that he was a subject to an investigation of any kind in relation to him being suspended, nor was he ever given a chance to defend himself of the remarks made by Alvarado.

61. Sam Adam Jr. ("Adam"), while acting as agent and attorney to Mayor Kellogg made statements to the Daily Southtown in a September 14, 2006 article that, "we're cracking down, cleaning house," in relation to Keel's suspension.

62. Adam went further, stating on behalf of Mayor Kellogg that Keel, "is a bad seed."

63. From September 2006 to April 2007, while under suspension the City of Harvey Police administered a Sergeant's Exam to which Keel qualified to participate in for a promotion and increased pay and benefits.

64. The City of Harvey never allowed Keel to take the exam nor did it provide him with a reason for the disallowance.

65. From September of 2003 to present, Keel asked repeatedly why he was not included in the Harvey Police Department's pension plan. He was never given an answer.

66. As a civil service officer Keel is part of a class of individuals who is required to be given the option to participate in his employer's pension plan but was not.

67. Due to the illegal suspension of Keel by the City of Harvey, he was barred from taking the Sergeant's Exam, causing him to lose the opportunity of increased pay and increased benefits in an amount exceeding $50,000.

WHEREFORE, the Plaintiff Keel pray this Honorable Court grant against the Defendant, the City of Harvey in an amount in excess of ONE HUNDRED THOUSAND AND 00/100 dollars plus costs, and any other relief this Court deems appropriate and just under the circumstances.

7

## COUNT III – DEFAMATION PER SE OF GENTRY
## AGAINST THE CITY OF HARVEY

68. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 41 of the Complaint as if same were set forth in their entireties herein.

69. Since the "administrative leave" of Gentry in April of 2006, several publications have released articles resurfacing old allegations against Gentry which were either dropped or were fabricated to prevent Gentry from forming a union within Harvey's Police Department.

70. Upon information and belief, these statements and allegations which have appeared in highly circulated publications such as the Daily Southtown and the Sun Times were created in part by information provided by the Defendants.

71. At some time after April 2006, Eaves made false statements imputing that Gentry participated criminal misconduct and that Gentry, "is going to jail."

72. The City of Harvey, by and through Mayor Kellogg, Alvarado, Joshua, Eaves, and Porter ("Harvey Officials"), has knowingly, intentionally, and maliciously made false statements about Gentry's business integrity, imputed commission of a criminal offense, and imputed lack of ability in Gentry's profession, to fellow officers, and the public at large. These statements are materially harmful to the business integrity of both Gentry as an officer and as an individual.

73. The statements made by the City of Harvey's officials, which have appeared consistently in numerous publications with high circulations, tend to cause such harm to Gentry's reputation that it lowers Gentry in the eyes of the law enforcement community, and deters third persons from associating with Gentry.

74. Harvey's officials' actions have required Gentry to divert time and energy away from his family to investigate this matter and to take steps to protect himself against Defendant's described conduct, including the filing of this action.

75. Recurrent and consistent false statements and allegations made by Harvey's officials have caused severe stress on Gentry's family life and his relationship with his spouse.

76. Gentry has children that are of the age where they and their peers can read the newspaper and the false statements made to the detriment of Gentry by Harvey's officials have caused Gentry's children to suffer unnecessary ridicule at school and in the community where they live.

77. Because the statements by Harvey's officials are not susceptible to an innocent interpretation and impute a lack of integrity to Gentry in his business dealings and profession, and impute criminal misconduct, they are defamatory per se, and the damage to Gentry is presumed.

WHEREFORE, Gentry respectfully request that this Honorable Court enter a judgment in favor of Gentry and against the City of Harvey and award the following relief:

1. Damages in an amount exceeding $150,000.00;

2. Permanently enjoin the City of Harvey, its agents, and all persons in active concert with it, from making any false statements relating to Gentry;

3. Order the City of Harvey to redact in writing all false statements made to any third party about Gentry;

4. Reimburse Gentry reasonable attorneys' fees and costs incurred in connection with this matter from the City of Harvey; and

5. Any further relief this Court deems just and appropriate.

## COUNT IV – DEFAMATION PER SE OF KEEL AGAINST THE CITY OF HARVEY

78. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 10 and 42 through 67 of the Complaint as if same were set forth in their entireties herein.

79. Since the suspension of Keel in September of 2006, several publications have released articles resurfacing old allegations against Keel which were either dropped or were fabricated to prevent Keel from forming a union within Harvey's Police Department.

80. Upon information and belief, these statements and allegations which have appeared in highly circulated publications such as the Daily Southtown and the Sun Times were created in part by information provided by the Defendants.

81. Sam Adam Jr. ("Adam"), while acting as agent and attorney to Mayor Kellogg made statements to the Daily Southtown in a September 14, 2006 article that, "we're cracking down, cleaning house," in relation to Keel's suspension.

82. Adam went further, stating on behalf of Mayor Kellogg that Keel, "is a bad seed."

83. The City of Harvey, by and through Mayor Kellogg, Alvarado, Joshua, Eaves, and Porter ("Harvey Officials"), has knowingly, intentionally, and maliciously made false statements about Keel's business integrity, imputed commission of a criminal offense, and imputed lack of ability in Keel's profession, to fellow officers, and the public at large. These statements are materially harmful to the business integrity of both Gentry as an officer and as an individual.

9

84. The statements made by the City of Harvey's officials, which have appeared consistently in numerous publications with high circulations, tend to cause such harm to Keels reputation that it lowers Keel in the eyes of the law enforcement community, and deters third persons from associating with Keel.

85. Harvey's officials' actions have required Keel to divert time and energy away from his family to investigate this matter and to take steps to protect himself against Defendant's described conduct, including the filing of this action.

86. Recurrent and consistent false statements and allegations made by Harvey's officials have caused severe stress on Keel's family life and his relationship with his children.

87. Keel has children that are of the age where they and their peers can read the newspaper and the false statements made to the detriment of Keel by Harvey's officials have caused Keel's children to suffer unnecessary ridicule at school and in the community where they live.

88. Because the statements by Harvey's officials are not susceptible to an innocent interpretation and impute a lack of integrity to Keel in his business dealings and profession, and impute criminal misconduct, they are defamatory *per se*, and the damage to Keel is presumed.

WHEREFORE, Keel respectfully request that this Honorable Court enter a judgment in favor of Keel and against the City of Harvey and award the following relief:

1. Damages in an amount exceeding $150,000.00;

2. Permanently enjoin the City of Harvey, its agents, and all persons in active concert with it, from making any false statements relating to Keel;

3. Order the City of Harvey to redact in writing all false statements made to any third party about Keel;

4. Reimburse Keel reasonable attorneys' fees and costs incurred in connection with this matter from the City of Harvey; and

5. Any further relief this Court deems just and appropriate.

## COUNT V – DEFAMATION PER SE OF GENTRY
## AGAINST MAYOR KELLOGG

89. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 41 and 68 through 77 of the Complaint as if same were set forth in their entireties herein.

90. Since the "administrative leave" of Gentry in April of 2006, several publications have released articles resurfacing old allegations against Gentry which were either dropped or were fabricated to prevent Gentry from forming a union within Harvey's Police Department.

91. Upon information and belief, these statements and allegations which have appeared in highly circulated publications such as the Daily Southtown and the Sun Times were created in part by information provided by the Mayor Kellogg either by direct statements or ratification of statements made by his employed assistants and advisors.

92. The City of Harvey, by and through Mayor Kellogg, the boss of Alvarado, Joshua, Eaves, and Porter ("Harvey Officials"), has knowingly, intentionally, and maliciously made false statements about Gentry's business integrity, imputed commission of a criminal offense, and imputed lack of ability in Gentry's profession, to fellow officers, and the public at large. These statements are materially harmful to the business integrity of both Gentry as an officer and as an individual.

93. The statements made by Mayor Kellogg and his employed assistants and advisors, which have appeared consistently in numerous publications with high circulations, tend to cause such harm to Gentry's reputation that it lowers Gentry in the eyes of the law enforcement community, and deters third persons from associating with Gentry.

94. Mayor Kellogg's actions and the actions of his employed assistants and advisors have required Gentry to divert time and energy away from his family to investigate this matter and to take steps to protect himself against Defendant's described conduct, including the filing of this action.

95. Recurrent and consistent false statements and allegations made by Mayor Kellogg and his employed assistants and advisors have caused severe stress on Gentry's family life and his relationship with his spouse.

100. Gentry has children that are of the age where they and their peers can read the newspaper and the false statements made to the detriment of Gentry by Mayor Kellogg and his employed assistants and advisors have caused Gentry's children to suffer unnecessary ridicule at school and in the community where they live.

101. Because the statements by Mayor Kellogg by or through his employed assistants and advisors are not susceptible to an innocent interpretation and impute a lack of integrity to Gentry in his business dealings and profession, and impute criminal misconduct, they are defamatory *per se*, and the damage to Gentry is presumed.

WHEREFORE, Gentry respectfully request that this Honorable Court enter a judgment in favor of Gentry and against Mayor Kellogg and award the following relief:

1. Damages in an amount exceeding $150,000.00;

2. Permanently enjoin the City of Harvey, its agents, and all persons in active concert with it, from making any false statements relating to Gentry;

3. Order the City of Harvey to redact in writing all false statements made to any third party about Gentry;

4. Reimburse Gentry reasonable attorneys' fees and costs incurred in connection with this matter from the City of Harvey; and

5. Any further relief this Court deems just and appropriate.

## COUNT VI – DEFAMATION PER SE OF KEEL AGAINST MAYOR KELLOG

102. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 10, 42 through 67 and 78 through 88 of the Complaint as if same were set forth in their entireties herein.

103. Since the suspension of Keel in September of 2006, several publications have released articles resurfacing old allegations against Keel which were either dropped or were fabricated to prevent Keel from forming a union within Harvey's Police Department.

104. Upon information and belief, these statements and allegations which have appeared in highly circulated publications such as the Daily Southtown and the Sun Times were created in part by information provided by the Defendants.

105. Sam Adam Jr. ("Adam"), while acting as agent and attorney to Mayor Kellogg made statements to the Daily Southtown in a September 14, 2006   article that, "we're cracking down, cleaning house," in relation to Keel's suspension.

106. Adam went further, stating on behalf of Mayor Kellogg that Keel, "is a bad seed."

107. The City of Harvey, by and through Mayor Kellogg, Alvarado, Joshua, Eaves, and Porter ("Harvey Officials"), has knowingly, intentionally, and maliciously made false statements about Keel's business integrity, imputed commission of a criminal offense, and imputed lack of ability in Keel's profession, to fellow officers, and the public at large. These statements are materially harmful to the business integrity of both Gentry as an officer and as an individual.

108. The statements made by the City of Harvey's officials, which have appeared consistently in numerous publications with high circulations, tend to cause such harm to Keels reputation that it lowers Keel in the eyes of the law enforcement community, and deters third persons from associating with Keel.

109. Harvey's officials' actions have required Keel to divert time and energy away from his family to investigate this matter and to take steps to protect himself against Defendant's described conduct, including the filing of this action.

110. Recurrent and consistent false statements and allegations made by Harvey's officials have caused severe stress on Keel's family life and his relationship with his children.

111. Keel has child(ren) that are of the age where they and their peers can read the newspaper and the false statements made to the detriment of Keel by Harvey's officials have caused Keel's children to suffer unnecessary ridicule at school and in the community where they live.

112. Because the statements by Harvey's officials are not susceptible to an innocent interpretation and impute a lack of integrity to Keel in his business dealings and profession, and impute criminal misconduct, they are defamatory *per se*, and the damage to Keel is presumed.

WHEREFORE, Keel respectfully requests that this Honorable Court enter a judgment in favor of Keel and against the City of Harvey and award the following relief:

6. Damages in an amount exceeding $150,000.00;

7. Permanently enjoin the City of Harvey, its agents, and all persons in active concert with it, from making any false statements relating to Keel;

8. Order the City of Harvey to redact in writing all false statements made to any third party about Keel;

9. Reimburse Keel reasonable attorneys' fees and costs incurred in connection with this matter from the City of Harvey; and

10. Any further relief this Court deems just and appropriate.

Respectfully submitted,

DARNELL KEEL and MERRITT GENTRY,

By: _____

One of their attorneys

13

Atty No. 43355
Nicholas C. Zagotta
Kelly A. Saindon
Zagotta Saindon Law Offices LLC
NBC Tower
455 North Cityfront Plaza, Suite 3100
Chicago, Illinois 60611
(312) 828-9450
(312) 828-9451 fax

## VERIFICATION

Under penalties as provided by law, the undersigned certifies that he has read the foregoing and certifies that he believes the same to be true and correct, except as to matters therein stated to be on information and belief and as to such matters, the undersigned certifies, as aforesaid, that he believes the same to be true.


By: Merritt Gentry


Signed and Sworn before me this
_____ day of April, 2007.


Notary Public


My Commission Expires:

OFFICIAL SEAL
MERIDITH I CRUTCHER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/28/09

## VERIFICATION

Under penalties as provided by law, the undersigned certifies that he has read the foregoing and certifies that he believes the same to be true and correct, except as to matters therein stated to be on information and belief and as to such matters, the undersigned certifies, as aforesaid, that he believes the same to be true.

By: Darnell Keel

Signed and Sworn before me this
___ day of April, 2007.

Notary Public

My Commission Expires:_____

OFFICIAL SEAL
MERIDITH I CRUTCHER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/28/09

Attorney No. 43355

FILED B - 7

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

DOROTHY B.
CLERK OF THE CIR.
OF COOK COUNT.

| | | |
|---|---|---|
| DARNELL KEEL and | ) | |
| MERRITT GENTRY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2007 L 003933 |
| | ) | |
| CITY OF HARVEY, | ) | |
| ERIC KELLOGG, individually | ) | |
| And as Mayor of the City of Harvey, | ) | |
| SANDRA ALVARADO, individually | ) | |
| And as the Public Relations Director for the | ) | |
| City of Harvey, ANDREW JOSHUA, | ) | |
| Individually and as Chief of Police | ) | |
| for the City of Harvey, | ) | |
| DENARD EAVES, individually and as | ) | |
| Deputy Chief of Police for the City of | ) | |
| Harvey, and STEVEN PORTER, | ) | |
| Individually and as Commander in the | ) | |
| Internal Affairs Division for the City of | ) | |
| Harvey | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED VERIFIED COMPLAINT AT LAW

NOW COME the Plaintiffs, DARNELL KEEL ("Keel") and MERRITT GENTRY ("Gentry") individually, by and through their undersigned counsel, and for their First Amended Complaint against the Defendants, CITY OF HARVEY ("Harvey"), ERIC KELLOGG ("Mayor Kellogg"), SANDRA ALVARADO ("Alvarado"), ANDREW JOSHUA ("Joshua"), DENARD EAVES ("Eaves"), and STEVEN PORTER ("Porter"), both collectively ("Defendants") and as agents of the City of Harvey, state as follows:

### Nature of the Case

1. Plaintiffs bring this action against the Defendants individually, as agents of Harvey, and collectively as Co-Conspirators for damages resulting from:

    (a) violations of the Plaintiffs' Due Process Rights in accordance with 65 ILCS 5/10-1-18; and

(b) violations of S.H.A. 740 ILCS 145/1 et seq., for defamatory per se statements imputing: the commission of a criminal offense; inability to perform or want of integrity in discharge of duties of office or employment; and words that prejudice a party, or impute lack of ability, in his or her trade, profession or business.

## Parties, Jurisdiction, and Venue

2. At all times relevant to the allegations set forth herein, Plaintiff Keel is a Commander for the City of Harvey Police Department, and resides in Matteson, Illinois in Cook County.

3. At all times relevant to the allegations set forth herein, Plaintiff Gentry is a Commander for the City of Harvey Police Department, and resides in Calumet City, Illinois in Cook County.

4. At all times relevant to the allegations set forth herein, The City of Harvey is a city which lies approximately 20 miles south of the City of Chicago in Cook County with a population of approximately 30,000.

5. At all times relevant to the allegations set forth herein, Defendant Eric Kellogg is the Mayor of the City of Harvey, upon information and belief, Kellogg resides in Cook County.

6. At all times relevant to the allegations set forth herein, Defendant Sandra Alvarado is the Public Relations Director for the City of Harvey. Upon information and belief Alvarado resides in Cook County.

7. At all times relevant to the allegations set forth herein, Andrew Joshua is the Chief of Police for the City of Harvey. Upon information and belief Joshua resides in Cook County.

8. At all times relevant to the allegations set forth herein, Denard Eaves is the Deputy Chief of Police for the City of Harvey. Upon information and belief Eaves resides in Cook County.

9. At all times relevant to the allegations set forth herein, Steven Porter is a Commander in the Internal Affairs division of the Harvey Police Department. Upon information and belief Porter resides in Cook County.

10. Jurisdiction and Venue over Plaintiffs' claims are proper as all parties are domiciled and reside in Cook County and all or substantially all of the acts related to the allegations stated herein occurred in Cook County.

## Background Allegations

11. In or around April of 2003 Keel and Gentry were hired by committee as commanders for the City of Harvey Police Department.

12. In April of 2006 Gentry was told by Mayor Kellogg and Deputy Chief Eaves that he was being put on administrative leave.

2

13. When Gentry asked why he was being placed on administrative leave, he was not given a reason.

14. It is now October of 2007, a year and half later, and Gentry still has not been given a reason as to why he was put on leave.

15. Between April 2006 and July 2007, Gentry was receiving pay from the City of Harvey.

16. During his administrative leave, Gentry was not given the opportunity to sit for the Sergeant's Exam although another officer on leave was given that opportunity.

## COUNT 1 – VIOLATION OF PLAINTIFF GENTRY'S DUE PROCESS RIGHTS UNDER 65 ILCS 5/10-1-18 AGAINST THE CITY OF HARVEY

17. Plaintiffs incorporate and reallege allegations 1 – 16.

18. In or around April of 2003, Gentry was hired as a commander for the City of Harvey Police Department by committee, making him a civil service officer and employee of the City of Harvey Police Department.

19. At all times relevant herein, the City of Harvey has a population of approximately 30,000.

20. In accordance with 65 ILCS 5/10-1-18, any civil service officer of a city with less than 500,000 people must be given notice in writing for any suspension or charge against them.

21. Prior to April 2006, Gentry was never notified that he was on probation of any kind.

22. In April of 2006, Gentry was told by Mayor Kellogg and Deputy Chief Eaves that he was being put on "administrative leave" with pay, indefinitely.

23. Mayor Kellogg and Eaves, acting under apparent authority for the City of Harvey forced Gentry into "administrative leave" but never provided an explanation in writing within five (5) days of suspending him as to the charges or reasons why he was given leave or his rights in relation to any impending investigation of him in accordance with 65 ILCS 5/10-1-18.

24. When Gentry asked why he was being placed on administrative leave, he was not given a reason.

25. Gentry asked several individuals including Mayor Kellogg, Eaves, Joshua, and Porter why he was being put on administrative leave, but nobody would give him an answer.

26. Gentry resigned in July of 2007 and no longer receives pay from the City of Harvey. Gentry was never given any answer as to why he was put on "administrative leave."

27. It is now October of 2007 and Gentry still has not been given any answer as to why he was put on "administrative leave."

28. Gentry was never advised in writing as to what specific improper or illegal act he was alleged to have committed to result in an administrative leave, nor was he given a writing which advised him that he was on leave for offending conduct that was prejudicial to city service.

29. He was never advised in writing to his rights to counsel in relation to the administrative leave or any investigation, hearings, or statements he may have made from the time of the leave to today.

30. From April 2006 to OCTOBER 2007 the City of Harvey never proffered written charges to the Civil Service Commission of Harvey in relation to Gentry's "administrative leave."

31. From April 2006 to OCTOBER 2007 Gentry was never summoned to any civil service commission in relation to his "grant of leave" or suspension.

32. From April 2006 to the present, Porter, serving as the Commander of Internal Affairs had a duty to protect the integrity of Harvey's Police Department procedure for suspending officers and assuring there is a proper investigation.

33. Porter never looked into the matter but instead ignored the situation.

34. Upon information and belief, from April 2006 to JULY 2007, Eaves was telling fellow officers that Gentry was, "going to jail," without never notifying Gentry or the Civil Service Commission of the substance of such a statement.

35. Mayor Kellogg and Eaves acting under apparent authority for the City of Harvey granted themselves the virtual power to remove officers from the force, undermining the purpose of a civil service commission to the detriment of Gentry.

36. Upon information and belief, from April 2006 to JULY 2007 while Gentry was on administrative leave, Alvarado while acting under apparent authority as the Public Relations Director of Harvey on appointment by Mayor Kellogg, told the press and individuals in the community that Gentry was given administrative leave without pay pending an investigation.

37. Gentry was never notified in writing that he was subject to an investigation of any kind in relation to him being "granted leave," nor was he ever given a chance to defend himself of the remarks made by Alvarado.

38. From April 2006 to JULY 2007, while under "administrative leave" the City of Harvey Police administered a Sergeant's Exam to which Gentry qualified to participate in for a promotion and increased pay and benefits.

39. The City of Harvey never allowed Gentry to take the exam nor did it provide him with a reason for the disallowance.

40. From April of 2003 to present, Gentry asked repeatedly why he was not included in the Harvey Police Department's pension plan. He was never given an answer.

41. As a civil service officer Gentry is part of a class of individuals who is required to be given the option to participate in his employer's pension plan but was not.

42. Due to the illegal suspension of Gentry by the City of Harvey, he was barred from taking the Sergeant's Exam, causing him to lose the opportunity of increased pay and increased benefits in an amount exceeding $50,000.

WHEREFORE, the Plaintiff Gentry pray this Honorable Court grant against the Defendant, the City of Harvey, in an amount in excess of ONE HUNDRED THOUSAND AND 00/100 dollars plus costs and attorneys fees, and any other relief this Court deems appropriate and just under the circumstances.

## COUNT II – VIOLATION OF PLAINTIFF KEEL'S DUE PROCESS RIGHTS UNDER 65 ILCS 5/10-1-18 AGAINST THE CITY OF HARVEY

43. Plaintiffs incorporate and reallege allegations 1-10.

44. In or around April of 2003 Keel was hired as a commander for the City of Harvey Police Department by committee, making him a civil service officer and employee of the City of Harvey Police Department.

45. At all times relevant herein, the City of Harvey has a population of approximately 30,000.

46. In accordance with 65 ILCS 5/10-1-18, any civil service officer of a city with less than 500,000 people must be given notice in writing for any suspension or charge against them.

47. Prior to September 2006, Gentry was never notified that he was on probation of any kind.

48. In September of 2006, Keel was told by Mayor Kellogg, Joshua, and Porter that he was being suspended with pay, indefinitely.

49. Mayor Kellogg, Joshua, and Porter, acting under apparent authority for the City of Harvey forced Keel into suspension but never provided an explanation in writing within five (5) days of suspending him as to the charges or reasons why he was given leave or his rights in relation to any impending investigation of him in accordance with 65 ILCS 5/10-1-18.

50. When Keel asked Mayor Kellogg and Joshua why he was being placed on administrative leave, he was not given a reason.

51. Keel asked several individuals including Mayor Kellogg, Joshua, and Porter why he was being suspended, but nobody would give him an answer.

52. It is now October of 2007 and Keel is still suspended with pay and has not been given any answer as to why he is on leave.

53. Keel was never advised in writing as to what specific improper or illegal act he was alleged to have committed to result in a suspension, nor was he given a writing which advised him that he was suspended for offending conduct that was prejudicial to city service.

54. Keel was never advised in writing to his rights to counsel in relation to the suspension or any investigation, hearings, or statements he may have made from the time of the suspension to today.

55. From September 2006 to OCTOBER 2007, the City of Harvey never proffered written charges to the Civil Service Commission of Harvey in relation to Keel's suspension.

56. From September 2006 to OCTOBER 2007 Keel was never summoned to any civil service commission in relation to his suspension.

57. From September 2006 to the present, Porter, serving as the Commander of Internal Affairs had a duty to protect the integrity of Harvey's Police Department procedure for suspending officers and assuring there is a proper investigation.

58. Porter never looked into the matter but instead ignored the situation.

59. Mayor Kellogg and Joshua acting under apparent authority for the City of Harvey granted themselves the virtual power to remove officers from the force, undermining the purpose of a civil service commission to the detriment of Keel.

60. Upon information and belief, from September 2006 to OCTOBER 2007 while Keel was suspend, Alvarado while acting under apparent authority as the Public Relations Director of Harvey on appointment by Mayor Kellogg, told the press and individuals in the community that Keel was suspended pending an investigation.

61. Keel was never notified in writing that he was subject to an investigation of any kind in relation to him being suspended, nor was he ever given a chance to defend himself of the remarks made by Alvarado.

62. Sam Adam Jr. ("Adam"), while acting as agent and attorney for Mayor Kellogg made statements to the Daily Southtown in a September 14, 2006 article that, "we're cracking down, cleaning house," in relation to Keel's suspension.

63. Adam went further, stating on behalf of Mayor Kellogg that Keel, "is a bad seed."

64. From September 2006 to OCTOBER 2007, while under suspension the City of Harvey Police administered a Sergeant's Exam to which Keel qualified to participate in for a promotion and increased pay and benefits.

65. The City of Harvey never allowed Keel to take the exam nor did it provide him with a reason for the disallowance.

66. From September of 2003 to present, Keel asked repeatedly why he was not included in the Harvey Police Department's pension plan. He was never given an answer.

67. As a civil service officer Keel is part of a class of individuals who is required to be given the option to participate in his employer's pension plan but was not.

68. Due to the illegal suspension of Keel by the City of Harvey, he was barred from taking the Sergeant's Exam, causing him to lose the opportunity of increased pay and increased benefits in an amount exceeding $50,000.

WHEREFORE, the Plaintiff Keel pray this Honorable Court grant against the Defendant, the

City of Harvey in an amount in excess of ONE HUNDRED THOUSAND and 00/100 dollars

plus costs, and any other relief this Court deems appropriate and just under the circumstances.

## COUNT III – DEFAMATION PER SE OF GENTRY AGAINST MAYOR KELLOGG, SANDRA ALVARADO, ANDREW JOSHUA, DENARD EAVES AND STEVEN PORTER

69. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 41 of the First Amended Complaint as if same were set forth in their entireties herein.

70. Since the "administrative leave" of Gentry in April of 2006, several publications have released articles resurfacing old allegations against Gentry which were either dropped or were fabricated to prevent Gentry from forming a union within Harvey's Police Department.

71. Upon information and belief, these statements and allegations which have appeared in highly circulated publications such as the Daily Southtown and the Sun Times were created in part by information provided by the Mayor Kellogg either by direct statements or ratification of statements made by his employed assistants and advisors.

72. Upon information and belief, the state police informed Joshua that a one-two day investigation of Gentry had ended and there was no case. The City of Harvey, by and through Mayor Kellogg, the boss of Alvarado, Joshua, Eaves and Porter ("Harvey Officials"), took no action to inform the public of this, but continued to state that Gentry was on administrative leave and under a state police investigation.

73. Mayor Kellogg, by and through the Harvey Officials continued to knowingly, intentionally, and maliciously make false statements about Gentry's business integrity, imputed commission of a criminal offense, and imputed lack of ability in Gentry's profession, to fellow officers, and the public at large. These statements are materially harmful to the business integrity of both Gentry as an officer and as an individual.

74. The statements made by Mayor Kellogg and the Harvey Officials, his employed assistants and advisors, which have appeared consistently in numerous publications with high circulations, tend to cause such harm to Gentry's reputation that it lowers Gentry in the eyes of the law enforcement community, and deters third persons from associating with Gentry.

75. Mayor Kellogg's actions and the actions of the Harvey Officials have required Gentry to divert time and energy away from his family to investigate this matter and to take steps to protect himself against the defendants' described conduct, including the filing of this action.

76. Recurrent and consistent false statements and allegations made by Mayor Kellogg and the Harvey Officials have caused severe stress on Gentry's family life and his relationship with his spouse.

77. Gentry has children that are of the age where they and their peers can read the newspaper and the false statements made to the detriment of Gentry by Mayor Kellogg and the Harvey Officials which have caused Gentry's children to suffer unnecessary ridicule at school and in the community where they live.

78. Because the statements by Mayor Kellogg by or through the Harvey Officials are not susceptible to an innocent interpretation and impute a lack of integrity to Gentry in his business dealings and profession, and impute criminal misconduct, they are defamatory *per se*, and the damage to Gentry is presumed.

WHEREFORE, Gentry respectfully requests that this Honorable Court enter a judgment in favor of Gentry and against Mayor Kellogg and his employed assistants and advisors, Alvarado, Joshua, Eaves and Porter, and award the following relief:

(a) Damages in an amount exceeding $150,000.00;

(b) Permanently enjoin the City of Harvey, its agents, and all persons in active concert with it, from making any false statements relating to Gentry;

(c) Order the City of Harvey to redact in writing all false statements made to any third party about Gentry;

(d) Reimburse Gentry reasonable attorneys' fees and costs incurred in connection with this matter from the City of Harvey; and

(e) Any further relief this Court deems just and appropriate.

## COUNT IV – DEFAMATION PER SE OF KEEL AGAINST
## MAYOR KELLOGG, SANDRA ALVARADO, ANDREW JOSHUA,
## DENARD EAVES AND STEVEN PORTER

79. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 10 and 42 through 67 of the First Amended Complaint as if same were set forth in their entireties herein.

80. Since the suspension of Keel in September of 2006, several publications have released articles resurfacing old allegations against Keel which were either dropped or were fabricated to prevent Keel from forming a union within Harvey's Police Department.

81. Upon information and belief, these statements and allegations which have appeared in highly circulated publications such as the Daily Southtown and the Sun Times were created in part by information provided by the Defendants.

82. Sam Adam Jr. ("Adam"), while acting as agent and attorney to Mayor Kellogg made statements to the Daily Southtown in a September 14, 2006 article that, "we're cracking down, cleaning house," in relation to Keel's suspension.

83. Adam went further, stating on behalf of Mayor Kellogg that Keel, "is a bad seed."

84. The City of Harvey, by and through Mayor Kellogg, the boss of Alvarado, Joshua, Eaves, and Porter ("Harvey Officials"), has knowingly, intentionally, and maliciously made false statements about Keel's business integrity, imputed commission of a criminal offense, and imputed lack of ability in Keel's profession, to fellow officers, and the public at large. These statements are materially harmful to the business integrity of both Keel as an officer and as an individual.

85. The statements made by the City of Harvey's officials, which have appeared consistently in numerous publications with high circulations, tend to cause such harm to Keel's reputation that it lowers Keel in the eyes of the law enforcement community, and deters third persons from associating with Keel.

86. Harvey's officials' actions have required Keel to divert time and energy away from his family to investigate this matter and to take steps to protect himself against the Defendants' described conduct, including the filing of this action.

87. Recurrent and consistent false statements and allegations made by Harvey Officials have caused severe stress on Keel's family life and his relationship with his children.

88. Keel has child(ren) that are of the age where they and their peers can read the newspaper and the false statements made to the detriment of Keel by Mayor Kellogg by and through the Harvey Officials have caused Keel's children to suffer unnecessary ridicule at school and in the community where they live.

89. Because the statements by Mayor Kellogg by and through the Harvey Officials are not susceptible to an innocent interpretation and impute a lack of integrity to Keel in his business dealings and profession, and impute criminal misconduct, they are defamatory *per se*, and the damage to Keel is presumed.


WHEREFORE, Keel respectfully requests that this Honorable Court enter a judgment in favor of Keel and against Mayor Kellogg and his employed assistants and advisors, Alvarado, Joshua, Eaves and Porter, and award the following relief:

    (a) Damages in an amount exceeding $150,000.00;

    (b) Permanently enjoin the City of Harvey, its agents, and all persons in active concert with it, from making any false statements relating to Keel;

    (c) Order the City of Harvey to redact in writing all false statements made to any third party about Keel;

    (d) Reimburse Keel reasonable attorneys' fees and costs incurred in connection with this matter from the City of Harvey; and

    (e) Any further relief this Court deems just and appropriate.


Respectfully submitted,

DARNELL KEEL and MERRITT GENTRY,


By:_____
      One of their attorneys


ZAGOTTA SAINDON LAW OFFICES LLC
Firm No. 43355
Attorneys for Plaintiffs
NBC Tower
455 North Cityfront Plaza
Suite 3100
Chicago, Illinois 60611
(312) 828-9450
Facsimile: (312) 828-9451

## **VERIFICATION**

Under penalties as provided by law, the undersigned certifies that he has read the foregoing and certifies that he believes the same to be true and correct, except as to matters therein stated to be on information and belief and as to such matters, the undersigned certifies, as aforesaid, that he believes the same to be true.

Darnell Keel

Signed and Sworn before me this
31 day of October, 2007.

Notary Public

My Commission Expires:

OFFICIAL SEAL
MERIDITH I CRUTCHER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/28/09

## VERIFICATION

Under penalties as provided by law, the undersigned certifies that he has read the foregoing and certifies that he believes the same to be true and correct, except as to matters therein stated to be on information and belief and as to such matters, the undersigned certifies, as aforesaid, that he believes the same to be true.

**Merritt Gentry**

Signed and Sworn before me this _____ day of October, 2007.

_____
Notary Public

My Commission Expires:_____

OFFICIAL SEAL
MERIDITH I CRUTCHER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/28/09

Attorney No. 44271
43355

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| DARNELL KEEL and MERRITT GENTRY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 2007 L 003933 ) |
| CITY OF HARVEY, ERIC KELLOGG, individually And as Mayor of the City of Harvey, SANDRA ALVARADO, individually And as the Public Relations Director for the City of Harvey, ANDREW JOSHUA, Individually and as Chief of Police for the City of Harvey, DENARD EAVES, individually and as Deputy Chief of Police for the City of Harvey, and STEVEN PORTER, Individually and as Commander in the Internal Affairs Division for the City of Harvey | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## SECOND AMENDED VERIFIED COMPLAINT AT LAW

NOW COME the Plaintiffs, DARNELL KEEL ("Keel") and MERRITT GENTRY ("Gentry") individually, by and through their undersigned counsel, and for their Second Amended Complaint against the Defendants, CITY OF HARVEY ("Harvey"), ERIC KELLOGG ("Mayor Kellogg"), SANDRA ALVARADO ("Alvarado"), and STEVEN PORTER ("Porter"), both collectively ("Defendants") and as agents of the City of Harvey, state as follows:

## Nature of the Case

1. Plaintiffs bring this action against the Defendants individually, as agents of Harvey, and collectively as Co-Conspirators for damages resulting from:

    (a) violations of the Plaintiffs' Due Process Rights in accordance with 65 ILCS 5/10-1-18; and

    (b) violations of S.H.A. 740 ILCS 145/1 et seq., for defamatory per se statements imputing: the commission of a criminal offense; inability to perform or want of

integrity in discharge of duties of office or employment; and words that prejudice a party, or impute lack of ability, in his or her trade, profession or business.

## Parties, Jurisdiction, and Venue

2. At all times relevant to the allegations set forth herein, Plaintiff Keel is a Commander for the City of Harvey Police Department, and resides in Matteson, Illinois in Cook County.

3. At all times relevant to the allegations set forth herein, Plaintiff Gentry is a Commander for the City of Harvey Police Department, and resides in Calumet City, Illinois in Cook County.

4. At all times relevant to the allegations set forth herein, The City of Harvey is a city which lies approximately 20 miles south of the City of Chicago in Cook County with a population of approximately 30,000.

5. At all times relevant to the allegations set forth herein, Defendant Eric Kellogg is the Mayor of the City of Harvey, upon information and belief, Kellogg resides in Cook County.

6. At all times relevant to the allegations set forth herein, Defendant Sandra Alvarado is the Public Relations Director for the City of Harvey. Upon information and belief Alvarado resides in Cook County.

7. At all times relevant to the allegations set forth herein, Steven Porter is a Commander in the Internal Affairs division of the Harvey Police Department. Upon information and belief Porter resides in Cook County.

8. Jurisdiction and Venue over Plaintiffs' claims are proper as all parties are domiciled and reside in Cook County and all or substantially all of the acts related to the allegations stated herein occurred in Cook County.

## Background Allegations

9. In or around April of 2003 Keel and Gentry were hired by committee as commanders for the City of Harvey Police Department.

10. In April of 2006 Gentry was told by Mayor Kellogg and Deputy Chief Eaves that he was being put on administrative leave/suspended.

11. When Gentry asked why he was being placed on administrative leave/ suspended, he was not given a reason.

12. It is now April of 2008, two years later, and Gentry still has not been given a reason as to why he was put on leave/ suspended.

13. Between April 2006 and July 2007, Gentry was receiving pay from the City of Harvey.

2

14. During his administrative leave/ suspension, Gentry was not given the opportunity to sit for the Sergeant's Exam although another officer on leave was given that opportunity.

## COUNT 1 – VIOLATION OF PLAINTIFF GENTRY'S DUE PROCESS RIGHTS UNDER 65 ILCS 5/10-1-18 AGAINST THE CITY OF HARVEY

15. Plaintiffs incorporate and reallege allegations 1 – 14.

16. In or around April of 2003, Gentry was hired as a commander for the City of Harvey Police Department by committee, making him a civil service officer and employee of the City of Harvey Police Department.

17. At all times relevant herein, the City of Harvey has a population of approximately 30,000.

18. In accordance with 65 ILCS 5/10-1-18, any civil service officer of a city with less than 500,000 people must be given notice in writing for any suspension or charge against them.

19. Prior to April 2006, Gentry was never notified that he was on probation of any kind.

20. In April of 2006, Gentry was told by Mayor Kellogg and Deputy Chief Eaves that he was being put on "administrative leave" with pay, indefinitely.

21. Mayor Kellogg and Eaves, acting under apparent authority for the City of Harvey forced Gentry into "administrative leave" but never provided an explanation in writing within five (5) days of suspending him as to the charges or reasons why he was given leave or his rights in relation to any impending investigation of him in accordance with 65 ILCS 5/10-1-18.

22. When Gentry asked why he was being placed on administrative leave / suspended, he was not given a reason.

23. Gentry asked several individuals including Mayor Kellogg, Denard Eaves, Andrew Joshua, and Porter why he was being put on administrative leave, but noone would give him an answer.

24. Gentry resigned in July of 2007 and no longer receives pay from the City of Harvey. Gentry was never given any answer as to why he was put on "administrative leave" or suspended.

25. It is now April of 2008 and Gentry still has not been given any answer as to why he was put on "administrative leave."

26. Gentry was never advised in writing as to what specific improper or illegal act he was alleged to have committed to result in an administrative leave, nor was he given a writing which advised him that he was on leave for offending conduct that was prejudicial to city service.

27. He was never advised in writing to his rights to counsel in relation to the administrative leave or any investigation, hearings, or statements he may have made from the time of the leave to today.

28. From April 2006 to April 2008 the City of Harvey never proffered written charges to the Civil Service Commission of Harvey in relation to Gentry's "administrative leave."

29. From April 2006 to April 2008 Gentry was never summoned to any civil service commission in relation to his "grant of leave" or suspension.

30. From April 2006 to the present, Porter, serving as the Commander of Internal Affairs had a duty to protect the integrity of Harvey's Police Department procedure for suspending officers and assuring there is a proper investigation.

31. Porter never looked into the matter but instead ignored the situation.

32. Upon information and belief, from April 2006 to July 2007, Denard Eaves, as an employee of the City of Harvey was telling fellow officers that Gentry was, "going to jail," without never notifying Gentry or the Civil Service Commission of the substance of such a statement.

33. Mayor Kellogg and Eaves acting under apparent authority for the City of Harvey granted themselves the virtual power to remove officers from the force, undermining the purpose of a civil service commission to the detriment of Gentry.

34. Upon information and belief, from April 2006 to July 2007 while Gentry was on administrative leave, Alvarado while acting under apparent authority as the Public Relations Director of Harvey on appointment by Mayor Kellogg, told the press and individuals in the community that Gentry was given administrative leave without pay pending an investigation.

35. Gentry was never notified in writing that he was subject to an investigation of any kind in relation to him being "granted leave," nor was he ever given a chance to defend himself of the remarks made by Alvarado.

36. From April 2006 to July 2007, while under "administrative leave" the City of Harvey Police administered a Sergeant's Exam to which Gentry qualified to participate in for a promotion and increased pay and benefits.

37. The City of Harvey never allowed Gentry to take the exam nor did it provide him with a reason for the disallowance.

38. From April of 2003 to present, Gentry asked repeatedly why he was not included in the Harvey Police Department's pension plan. He was never given an answer.

39. As a civil service officer Gentry is part of a class of individuals who is required to be given the option to participate in his employer's pension plan but was not.

40. Due to the illegal suspension of Gentry by the City of Harvey, he was barred from taking the Sergeant's Exam, causing him to lose the opportunity of increased pay and increased benefits in an amount exceeding $50,000.

WHEREFORE, the Plaintiff Gentry pray this Honorable Court grant against the Defendant, the City of Harvey, in an amount in excess of ONE HUNDRED THOUSAND AND 00/100 dollars plus costs and attorneys fees, and any other relief this Court deems appropriate and just under the circumstances.

## COUNT II – VIOLATION OF PLAINTIFF KEEL'S DUE PROCESS RIGHTS UNDER 65 ILCS 5/10-1-18 AGAINST THE CITY OF HARVEY

41. Plaintiffs incorporate and reallege allegations 1-8.

42. In or around April of 2003 Keel was hired as a commander for the City of Harvey Police Department by committee, making him a civil service officer and employee of the City of Harvey Police Department.

43. At all times relevant herein, the City of Harvey has a population of approximately 30,000.

44. In accordance with 65 ILCS 5/10-1-18, any civil service officer of a city with less than 500,000 people must be given notice in writing for any suspension or charge against them.

45. Prior to September 2006, Gentry was never notified that he was on probation of any kind.

46. In September of 2006, Keel was told by Mayor Kellogg, Andrew Joshua, and Porter that he was being suspended with pay, indefinitely.

47. Mayor Kellogg, Joshua, and Porter, acting under apparent authority for the City of Harvey forced Keel into suspension but never provided an explanation in writing within five (5) days of suspending him as to the charges or reasons why he was given leave or his rights in relation to any impending investigation of him in accordance with 65 ILCS 5/10-1-18.

48. When Keel asked Mayor Kellogg and Joshua why he was being placed on administrative leave / suspended, he was not given a reason.

49. Keel asked several individuals including Mayor Kellogg, Andrew Joshua, and Porter why he was being suspended, but nobody would give him an answer.

50. It is now April of 2008 and Keel is still suspended with pay and has not been given any answer as to why he is on leave.

51. Keel was never advised in writing as to what specific improper or illegal act he was alleged to have committed to result in a suspension, nor was he given a writing which advised him that he was suspended for offending conduct that was prejudicial to city service.

52. Keel was never advised in writing to his rights to counsel in relation to the suspension or any investigation, hearings, or statements he may have made from the time of the suspension to today.

53. From September 2006 to April 2008, the City of Harvey never proffered written charges to the Civil Service Commission of Harvey in relation to Keel's suspension.

54. From September 2006 to April 2008 Keel was never summoned to any civil service commission in relation to his suspension.

55. From September 2006 to the present, Porter, serving as the Commander of Internal Affairs had a duty to protect the integrity of Harvey's Police Department procedure for suspending officers and assuring there is a proper investigation.

56. Porter never looked into the matter but instead ignored the situation.

57. Mayor Kellogg and Joshua acting under apparent authority for the City of Harvey granted themselves the virtual power to remove officers from the force, undermining the purpose of a civil service commission to the detriment of Keel.

58. Upon information and belief, from September 2006 to April 2008 while Keel was suspended, Alvarado while acting under apparent authority as the Public Relations Director of Harvey on appointment by Mayor Kellogg, told the press and individuals in the community that Keel was suspended pending an investigation.

59. Keel was never notified in writing that he was subject to an investigation of any kind in relation to him being suspended, nor was he ever given a chance to defend himself of the remarks made by Alvarado.

60. Sam Adam Jr. ("Adam"), while acting as agent and attorney for Mayor Kellogg made statements to the Daily Southtown in a September 14, 2006 article that, "we're cracking down, cleaning house," in relation to Keel's suspension.

61. Adam went further, stating on behalf of Mayor Kellogg that Keel, "is a bad seed."

62. From September 2006 to April 2008, while under suspension, the City of Harvey Police administered a Sergeant's Exam to which Keel qualified to participate in for a promotion and increased pay and benefits.

63. The City of Harvey never allowed Keel to take the exam nor did it provide him with a reason for the disallowance.

64. During that time another officer who was on leave was provided the opportunity to take the Sergeant's Exam.

65. From September of 2003 to present, Keel asked repeatedly why he was not included in the Harvey Police Department's pension plan. He was never given an answer.

66. As a civil service officer Keel is part of a class of individuals who is required to be given the option to participate in his employer's pension plan but was not.

67. Due to the illegal suspension of Keel by the City of Harvey, he was barred from taking the Sergeant's Exam, causing him to lose the opportunity of increased pay and increased benefits in an amount exceeding $50,000.

WHEREFORE, the Plaintiff Keel pray this Honorable Court grant against the Defendant, the City of Harvey in an amount in excess of ONE HUNDRED THOUSAND and 00/100 dollars plus costs, and any other relief this Court deems appropriate and just under the circumstances.

## COUNT III – DEFAMATION PER SE OF GENTRY AGAINST MAYOR KELLOGG, SANDRA ALVARADO, AND STEVEN PORTER

68. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 40 of the Second Amended Complaint as if same were set forth in their entireties herein.

69. Since the "administrative leave" of Gentry in April of 2006, several publications have released articles resurfacing old allegations against Gentry which were either dropped or were fabricated to prevent Gentry from forming a union within Harvey's Police Department.

70. Upon information and belief, these statements and allegations which have appeared in highly circulated publications such as the Daily Southtown and the Sun Times were created in part by information provided by the Mayor Kellogg either by direct statements or ratification of statements made by his employed assistants and advisors.

71. Upon information and belief, the state police informed Joshua that a one-two day investigation of Gentry had ended and there was no case. The City of Harvey, by and through Mayor Kellogg, the boss of Alvarado, Joshua, Eaves and Porter ("Harvey Officials"), took no action to inform the public of this, but continued to state that Gentry was on administrative leave and under a state police investigation.

72. Mayor Kellogg, by and through the Harvey Officials continued to knowingly, intentionally, and maliciously make false statements about Gentry's business integrity, imputed commission of a criminal offense, and imputed lack of ability in Gentry's profession, to fellow officers, and the public at large. These statements are materially harmful to the business integrity of both Gentry as an officer and as an individual.

73. The statements made by Mayor Kellogg and the Harvey Officials, his employed assistants and advisors, which have appeared consistently in numerous publications with high circulations, tend to cause such harm to Gentry's reputation that it lowers Gentry in the eyes of the law enforcement community, and deters third persons from associating with Gentry.

74. Mayor Kellogg's actions and the actions of the Harvey Officials have required Gentry to divert time and energy away from his family to investigate this matter and to take steps to protect himself against the defendants' described conduct, including the filing of this action.

75. Recurrent and consistent false statements and allegations made by Mayor Kellogg and the Harvey Officials have caused severe stress on Gentry's family life and his relationship with his spouse.

76. Gentry has children that are of the age where they and their peers can read the newspaper and the false statements made to the detriment of Gentry by Mayor Kellogg and the Harvey Officials which have caused Gentry's children to suffer unnecessary ridicule at school and in the community where they live.

77. Because the statements by Mayor Kellogg by or through the Harvey Officials are not susceptible to an innocent interpretation and impute a lack of integrity to Gentry in his business dealings and profession, and impute criminal misconduct, they are defamatory *per se*, and the damage to Gentry is presumed.

78. Gentry has suffered embarrassment, humilitation and hardship as a result of the defamation.

79. Gentry applied for jobs at other police deprtments in the area, and was told he would not be hired until this matter was resolved with the City of Harvey.

80. AS a result, Gentry suffered economic loss and the ability to change employment to another police department where he would be allowed to sit for a Sergeant's exam

WHEREFORE, Gentry respectfully requests that this Honorable Court enter a judgment in favor of Gentry and against Mayor Kellogg and his employed assistants and advisors, Alvarado and Porter, and award the following relief:

(a) Damages in an amount exceeding $150,000.00;

(b) Order the City of Harvey to redact in writing all false statements made to any third party about Gentry;

(c) Reimburse Gentry reasonable attorneys' fees and costs incurred in connection with this matter from the City of Harvey; and

(d) Any further relief this Court deems just and appropriate.

8

## COUNT IV – DEFAMATION PER SE OF KEEL AGAINST
## MAYOR KELLOGG, SANDRA ALVARADO, AND STEVEN PORTER

81. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 8 and 41 through 67 of the Second Amended Complaint as if same were set forth in their entireties herein.

82. Since the suspension of Keel in September of 2006, several publications have released articles resurfacing old allegations against Keel which were either dropped or were fabricated to prevent Keel from forming a union within Harvey's Police Department.

83. Upon information and belief, these statements and allegations which have appeared in highly circulated publications such as the Daily Southtown and the Sun Times were created in part by information provided by the Defendants.

84. Sam Adam Jr. ("Adam"), while acting as agent and attorney to Mayor Kellogg made statements to the Daily Southtown in a September 14, 2006 article that, "we're cracking down, cleaning house," in relation to Keel's suspension.

85. Adam went further, stating on behalf of Mayor Kellogg that Keel, "is a bad seed."

86. The City of Harvey, by and through Mayor Kellogg, the boss of Alvarado, Joshua, Eaves, and Porter ("Harvey Officials"), has knowingly, intentionally, and maliciously made false statements about Keel's business integrity, imputed commission of a criminal offense, and imputed lack of ability in Keel's profession, to fellow officers, and the public at large. These statements are materially harmful to the business integrity of both Keel as an officer and as an individual.

87. The statements made by the City of Harvey's officials, which have appeared consistently in numerous publications with high circulations, tend to cause such harm to Keel's reputation that it lowers Keel in the eyes of the law enforcement community, and deters third persons from associating with Keel.

88. Harvey's officials' actions have required Keel to divert time and energy away from his family to investigate this matter and to take steps to protect himself against the Defendants' described conduct, including the filing of this action.

89. Recurrent and consistent false statements and allegations made by Harvey Officials have caused severe stress on Keel's family life and his relationship with his children.

90. Keel has child(ren) that are of the age where they and their peers can read the newspaper and the false statements made to the detriment of Keel by Mayor Kellogg by and through the Harvey Officials have caused Keel's children to suffer unnecessary ridicule at school and in the community where they live.

91. Because the statements by Mayor Kellogg by and through the Harvey Officials are not susceptible to an innocent interpretation and impute a lack of integrity to Keel in his business dealings and profession, and impute criminal misconduct, they are defamatory *per se*, and the damage to Keel is presumed.

92. Keel applied to local police departments and was advised he cannot be hired while he is suspended from the Harvey Police Department.

93. Keel has been foreclosed from these employment opportunities and the opportunity to sit for the sergeant's exam which resulted in economic loss.

94. Keel has been informed by his children's school that when the school called the Harvey Police Department to discuss Keel's children with him, the school was advised by Alvarado that Keel is no longer employed by the City of Harvey.

95. This behavior causes Keel embarrassment, humiliation and has caused him to suffer.

96. Keel's inability to be hired by another police department and to move forward in his career as a law enforcement official have caused him economic loss.


WHEREFORE, Keel respectfully requests that this Honorable Court enter a judgment in favor of Keel and against Mayor Kellogg and his employed assistants and advisors, Alvarado, Joshua, Eaves and Porter, and award the following relief:

(a) Damages in an amount exceeding $150,000.00;

(b) Order the City of Harvey to redact in writing all false statements made to any third party about Keel;

(c) Reimburse Keel reasonable attorneys' fees and costs incurred in connection with this matter from the City of Harvey; and

(d) Any further relief this Court deems just and appropriate.


Respectfully submitted,

DARNELL KEEL and MERRITT GENTRY,

By: _____
One of their attorneys

## VERIFICATION

Under penalties as provided by law, the undersigned certifies that he has read the foregoing and certifies that he believes the same to be true and correct, except as to matters therein stated to be on information and belief and as to such matters, the undersigned certifies, as aforesaid, that he believes the same to be true.

**Merritt Gentry**

## **VERIFICATION**

Under penalties as provided by law, the undersigned certifies that he has read the foregoing and certifies that he believes the same to be true and correct, except as to matters therein stated to be on information and belief and as to such matters, the undersigned certifies, as aforesaid, that he believes the same to be true.

Darnell Keel

Order                                                    (2/24/05) CCG N002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

# DOCKETED

Darnell Keel and Merrit Gentry

v.                                    No. 07 L 3933

City of Harvey, et.al.,

### ORDER

This cause coming for hearing on Defendants' Motion to Dismiss the Second Amended Complaint, due notice given, the motion being fully briefed and argued,

IT IS HEREBY ORDERED:

1. Defendants' motion to dismiss the Second Amended Complaint is granted under Section 2-615. Plaintiffs are given leave to file a Third Amended Complaint by September 16, 2008.

2. This matter set for status on September 30, 2008 at 9:30 Room 2209.

3. The September 15, 2008 date is hereby stricken

Atty. No.: 11936

Name: O'Halloran, Kosoff (Bruch)                ENTERED:

Atty. for: Ds

Address: 650 Dundee Suite 475

City/State/Zip: Northbrook 60062

Telephone: 847-291-0200

Dated:

Judge Bandye A. Kogan

AUG 26 2008

Judge            Circuit Court - 1509          Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**DOCKETED**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

Keal

                                     )
                                     )
                                     )
        Plaintiffs,          )
                                     )     No. 07 L 3933
      v.                  )
                                     )
City of Harvey et al         )
                                     )
        Defendants.       )

### ORDER SETTING HEARING

This cause coming before the Court on ___Defendants___ Motion for
___Dismissal Second Amended Complaint___, due notice having been given and the Court being fully
advised in the premises, **IT IS HEREBY ORDERED:**

1.     Any Response shall be filed by ___Aug. 14 2008___;

2.     Any Reply shall be filed by ___Aug. 21 2008___;

3.     The Motion shall be heard on ___A 26___ at ___9:30___ in
Courtroom Room 2209, Richard J. Daley Center, before Judge Randye Kogan;

4.     The movant will provide the Court with a complete set of courtesy copies of all
relevant pleadings and memoranda. **Courtesy copies are due in the chambers
of Courtroom Room 2209 on** ___A 22___ by 4:00 p.m., or your
hearing may be stricken.

5.     Motions and/or memorandum filed in support of a motion cannot exceed a
**combined total of <u>fifteen</u> double-spaced pages in length**, without leave of court.



ENTER:

Judge Randye A. Kogan

JUL 3 1 2008

Circuit Court - 1509



Atty No. 11936
Name   OKCC
Atty for  Defendant
Address
City/Zip
Telephone

                          Judge Randye Kogan

Order                                                              (Rev. 9/13/04) CCG 0002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Keel

v.                                          No.  07 L 3933

City of Harvey, et al

### ORDER

This cause coming to be heard on status, all parties having due notice, the court being fully advised in the premises IT IS HEREBY ORDERED:

(1) Defendants granted twenty one (21) days to file a Responsive pleading to Plaintiffs Second Amended complaint, by July 23, 2008;

(2) all parties to propound written discovery within seven (7) days by July 9, 2008; completed by 9/15/08

(3) this matter set for status on September 15, 2008 at 9:30 am in Room 2209 without further notice.

Atty. No.: 11936

Name: Alan Jokisic

Atty. for: Defendant

Address: 653 Dundee Rd #475

City/State/Zip: Northbrook, Il 60062

Telephone: 547 201 0200

ENTERED:

Judge Randye A. Kogan

JUL - 2 2008

Circuit Court - 1509

Judge                                              Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

_Keel_

Plaintiff(s),

v.

_City of Harvey_

Defendant(s),

Case No. _07 L 3933_

Individual Calendar "H"

**DOCKETED**

## CASE MANAGEMENT ORDER

This cause having been set for a case management conference pursuant to Supreme Court Rule 218, due notice having been served and the court having conducted such a conference,
The following counsel appearing: Plaintiff ___X___ Defendant ___X___

**IT IS HEREBY ORDERED:**

____1. Pre-Trial Memorandum including preliminary statement of treaters with addresses shall be filed by_____.
____2. Defendant to issue subpoenas for medical records by _____
____3. Written to be propounded by _____ Written completed by _____
____4. Party depositions set by _____. Party depositions completed by _____
____5. For good cause shown, fact discovery is extended and shall be completed by_____
____6. a. The Plaintiff(s) shall respond to Rule 213 (f)(1) and (2) interrogatories by_____
  b. Depositions of Plaintiff(s) Rule (f)(1) and (2) witnesses shall be completed by_____
  c. The Plaintiff(s) shall respond to Rule 213(f)(3) interrogatories by_____
  d. Depositions of Plaintiff(s) Rule 213(f)(3) witnesses shall be completed by_____
  e. Defendant(s) shall respond to Rule 213 (f)(1), (2), and (3) interrogatories by_____
  f. Depositions of Defendant(s) Rule 213 (f)(1), (2), and (3) witnesses shall be completed by_____
  g. Third Party Defendant(s) shall respond to Rule 213 (f)(1), (2), and (3) interrogatories by_____
  h. Depositions of Third Party Defendant(s) Rule 213(f)(1), (2), and (3) witnesses shall be completed by_____

  i. Discovery closed _____

_X_3. This matter is set for Status / Case Management on _July 2, 08_ at _9:30_ a.m. in Room 2209.
____4. This matter is set for a Pre Trial Conference on _____ at____ am./pm. in Room 2209. All dismissal orders to be brought to 2209 unless assigned to another Judge for Pre Trial.
____5. This matter is set for Trial on _____ at 9:45 a.m. in Room 2209.
_X_6. Other: _Trial counsel to appear on 7-2-08._
____7. This Case Is Dismissed For Want Of Prosecution.
____8. This Case Is Voluntarily Dismissed Under 735 ILCS 5/2-1009

**Notice:**
- Failure of any party to comply with this Case Management Order will be a basis for Rule 219(c) sanctions.
- Failure of any party to enforce this Case Management Order will constitute a waiver of such discovery by that party.
- A copy of this order is to be sent to each named party by their counsel within 10 (ten) days of each Case Management date.

Atty Name: _Roberts & Shapiro_
Atty No: _42271_
Atty for: _Plaintiff_
Address: _53 W Jackson_
_#515 Chicago 60654_
Phone: _312-663-1030_
Fax: _312-663-1140_

**ENTER:**

Judge Randye A. Kogan

**JUN 2 5 2008**

Circuit Court - 1509

**RANDYE A. KOGAN**

ORDER                                        CCG N002-300M-2/28/05(43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Keel

v.                                          No. 07 L 3933

City of Harvey, et al.

DOCKETED

### ORDER

This case coming to be heard in status, all parties having due notice, the court being fully advised in the premises IT IS HEREBY ORDERED:

1) Defendants shall file a responsive pleading to the amended complaint by June 12, 2008.

2) This matter is set for status on June 25, 2008 at 9:30.

Atty. No.: 11936

Name: Aborn/OKGC

Atty. for: Defendants

Address: 650 Dundee Rd #475

City/State/Zip: Northbrook Il 60062

Telephone: 547 291 www

ENTERED:

Dated: _____

Judge Randye A. Kogan

MAY 21 2008,

Circuit Court - 1509

Judge                                       Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Harvey/Keel

CCG N0~~-300M-2/24/05

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Keel et al

v.

City of Harvey

} DOCKETED

No. 07 L 3933

**Agreed**
### ORDER

This cause coming to be heard on Plaintiffs' Motions to Voluntarily Dismiss Defendants Joshua and Enver, due notice having been given and the parties in agreement, the court being duly advised;

IT IS HEREBY ORDERED:

(1) The Motions are granted; the case is voluntarily dismissed ~~restated~~ against Andrew Joshua and Denard Enver. Costs to be paid upon reinstatement. Pursuant to 2-1009

(2) Plaintiffs given until 4-25-08 to file their Amended complaint

(3) Remaining defendants given until 5-16-08 to file their Responsive pleadings;

(4) This matter set for further status on 5-21-08, at 9:30 a.m. in Room 2209.

(5) 4-16-08 status date is hereby stricken.

Atty. No.: 44271

Name: Saunders / Belongia & Shapiro LLP

Atty. for: TTS

Address: 53 W Jackson #315

City/State/Zip: Chicago IL 60604

Telephone: 312 662 1030

ENTERED:

Dated:

Judge Randye A. Kogan

APR 10 2008

Judge                    Judge's No.

Circuit Court - 1509

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Order        CCG N002-300M-2/24/05 (         )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

9

Kool et al

v.

No. 07 L 3933

City of Harvy et al

# DOCKETED

Agreed    ORDER

This matter coming to be heard on status, Plaintiff appearing and the parties being in agreement, it is hereby ordered

1) Plaintiffs are to file their amended complaint by 3/24/08

2) Defendants are given until 4/11/08 to file their responsive pleadings

3) this matter is set for further status on 4/16/08 at 930

Atty. No.: 44271

Name: Plaintiffs

Atty. for: Belongia + Shapiro LLP

Address: 53 W Jackson #215

City/State/Zip: Chicago IL 60604

Telephone: 312 662 1030

ENTERED:

Dated: _____

Judge Randye A. Kogan

MAR - 7 2008

Circuit Court - 1509

Judge

Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

JTB

Order                                          CCG N002-300M-2/24/05 (                )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

DOCKETED

Keel, et al

v.                                    } No. 07 L 3933

City of Harvey, et al

## ORDER

This cause coming to be heard on Defendants' Motion to Dismiss First Amended Complaint, all parties being present, the Court being fully advised in the premises, IT IS HEREBY ORDERED:

1) First Amended Complaint is dismissed without prejudice pursuant to 2-615.

2) Plaintiff shall have until February 22, 2008 to file a second amended complaint.

3) This cause is set for status on March 7, 2008 at 9:30.

Atty. No.: 11936

Name: Ahern / OKGC

Atty. for: Defendants

Address: 650 Dundee Rd. #475

City/State/Zip: Northbrook, IL 60062

Telephone: 847-291-0200

ENTERED:

Judge Randye A. Kogan

JAN - 7 2008

Circuit Court - 1509

Dated: _____

Judge                          Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

Keel, et al.

        Plaintiffs,

       v.

City of Harvey, et al.

        Defendants.

)
)
)
)
)
)
)
)
)
)

# DOCKETED

No. 07 L 3933

## ORDER SETTING HEARING

This cause coming before the Court on ___Defendants___ Motion for ___Dismissal of Amended Complaint___ due notice having been given and the Court being fully advised in the premises, **IT IS HEREBY ORDERED:**

Defendants shall file their motion by November 16, 2007.

1.    Any Response shall be filed by ___December 7, 2007___;

2.    Any Reply shall be filed by ___December 21, 2007___;

3.    The Motion shall be heard on ___January 7, 2008___ at ___3:30 pm___ in Courtroom Room 2209, Richard J. Daley Center, before Judge Randye Kogan;

4.    The movant will provide the Court with a complete set of courtesy copies of all relevant pleadings and memoranda. **Courtesy copies are due in the chambers of Courtroom Room 2209 on** ___December 21, 2007___ **by 4:00 p.m., or your hearing may be stricken.**

5.    Motions and/or memorandum filed in support of a motion cannot exceed a **combined total of fifteen double-spaced pages in length, without leave of court.**

Atty No. 11936
Name Abun
Atty for Defendants
Address 650 Dundee Rd., #475
City/Zip Northbrook, IL 60062
Telephone 847-291-0200

ENTER:

Judge Randye A. Kogan

NOV 09 2007

Circuit Court - 1509

_____

Judge Randye Kogan

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

Darnell Keel, et.al.,          )
                               )
              **Plaintiffs,**      )
                               )
         **v.**                    )     No.  07L 3933
                               )
City of Harvey, et.al.         )
                               )
              **Defendants.**      )

Agreed                **ORDER SETTING HEARING**

This cause coming before the Court on _____Defendants_____ Motion for
_____Dismiss (2-619(a))(b)(3)_____, due notice having been given and the Court being fully
advised in the premises, **IT IS HEREBY ORDERED:**

1.   Any Response shall be filed by _____10/11/2007_____ ;

2.   Any Reply shall be filed by _____10/25/2007_____ ;

3.   The Motion shall be heard on _____10/31/07_____ at _____3 30 PM_____ in
     Courtroom Room 2209, Richard J. Daley Center, before Judge Randye Kogan;

4.   The movant will provide the Court with a complete set of courtesy copies of all
     relevant pleadings and memoranda. **Courtesy copies are due in the chambers
     of Courtroom Room 2209 on** _____10/26/2007_____ **by 4:00 p.m., or your
     hearing may be stricken.**

5.   Motions and/or memorandum filed in support of a motion cannot exceed a
     **combined total of fifteen double-spaced pages in length, without leave of court.**

Atty No. 11436
Name  Shelton Kraff
Atty for Harvey
Address 650 Dundee Rd #175
City/Zip Northbrook IL 60062
Telephone 847 311-0200



ENTER
Judge Randye A. Kogan

SEP 1 3 2007

Circuit Court - 1509
Judge Randye Kogan

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

Darnell Keel, et.al.,

    **Plaintiffs,**

    v.

City of Harvey, et.al.

    **Defendants.**

No. 07 L 3933

Agreed **ORDER SETTING HEARING**

This cause coming before the Court on _Defendant's_ Motion for
_Dismiss (2-619)_ ; due notice having been given and the Court being fully
advised in the premises, **IT IS HEREBY ORDERED:**

1.    Any Response shall be filed by _10/11/2007_ ; ✓

2.    Any Reply shall be filed by _10/25/2007_ ;

3.    The Motion shall be heard on _10/31/07_ at _3:30 PM_ in
Courtroom Room 2209, Richard J. Daley Center, before Judge Randye Kogan;

4.    The movant will provide the Court with a complete set of courtesy copies of all
relevant pleadings and memoranda. **Courtesy copies are due in the chambers
of Courtroom Room 2209 on** _10/26/2007_ **by 4:00 p.m., or your
hearing may be stricken.**

5.    Motions and/or memorandum filed in support of a motion cannot exceed a
**combined total of fifteen** double-spaced pages in length, without leave of court.

Atty No. 11936
Name  O'Halloran, Kosoff
Atty for  Harvey
Address  650 Dundee Rd, #475
City/Zip  Northbrook, IL 60062
Telephone
847 291-0200



Judge Randye A. Kogan
ENTER:

SEP 1 3 2007

Circuit Court - 1509

Judge Randye Kogan

Order

CCG N002-300M-2/24/05 (

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS      #10

Darnell Keel, Et.al.,

v.

City of Harvey, et.al

No. 07 L 3933

**ORDER**

This Matter Coming Before the Court for status of pleadings, the Court being fully advised;

It Is Hereby Ordered that plaintiffs are given leave to file an amended complaint instanter. Defendants 2-615/2-619 motion to dismiss is entered and continued. The matter is continued for status of pleadings on 11/9/07 at 9:30 in 2209.

Atty. No.: 11936
Name: Koerner / O'Halloran, Kosoff
Atty. for:
Address: 650 Dundee #475
City/State/Zip: Northbrook, IL 60062
Telephone: 847-291-0200

ENTERED:

Dated:

Judge Randye A. Kogan

OCT 3 1 2007

Circuit Court - 1509

Judge                          Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**